**UNITED STATES of America**

v.

**Sherman KENDIS, Appellant.**

**Nos. 89–5260, 89–5261.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
July 5, 1989.

Decided Aug. 18, 1989.

Sherman Kendis, Fort Worth, Tex., pro se.

Donna A. Krappa, Edna Ball Axelrod, Newark, N.J., for appellee.

Before SLOVITER, HUTCHINSON and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

This is an appeal by Sherman Kendis, pro se, from the order of the district court denying his motion for reconsideration of the court's order denying his motion for reduction of sentence pursuant to Fed.R. Crim.P. 35. Kendis, an attorney, pled guilty on February 9, 1987 to one count of bank fraud for unlawfully converting $144,976.29 while acting as an attorney for Ocean Club in Atlantic City by forging the signature of payees on checks given him for purposes of settlement of their claims. We shall refer to this matter as *Kendis I.* Pursuant to his plea agreement, Kendis was required, *inter alia,* to pay restitution to all potential victims. On April 10, 1987 Kendis was sentenced to five years imprisonment but all but six months of the incarceration were suspended and he was placed on five years probation to commence upon release. Execution of the sentence was stayed until May 4, 1987 when he reported for prison. On the same day he filed for personal bankruptcy.

Kendis was released from custody on September 21, 1987. In October 1987, the government moved to revoke Kendis' probation on the ground that the money he had used to make restitution to clients during the period between the acceptance of his guilty plea and his sentencing was actually money which had been entrusted to him by other clients and which he had improperly converted to his own use.

In November, 1987 Kendis was indicted on five counts of bank fraud committed during the period between March 11, 1987 and May 4, 1987 while he was released on bail and awaiting sentencing in *Kendis I.* We shall refer to this matter as *Kendis II.*

On December 14, 1987, following a hearing on the revocation of probation issue, the district court revoked Kendis' probation. Thereafter on September 30, 1988 Kendis pled guilty to two counts of the five count indictment in *Kendis II.* He was sentenced on October 13, 1988 to three years incarceration and a fine of $10,000 on each of the two counts to which he had pled guilty, the sentences to run consecutively, and was also ordered to pay $264,925 in restitution and a $100 special assessment. On the same day the district court vacated its sentence in *Kendis I* as a result of the revocation of Kendis' probation, and sentenced him to four years incarceration to be served consecutively to that imposed in *Kendis II.* The court also directed that Kendis pay restitution as previously ordered.

■ On appeal Kendis contends first that the district court abused its discretion in revoking his probation on *Kendis I* because the offense on which the district court relied for such revocation occurred prior to his sentencing and hence while he was not on probation. We reject Kendis' argument. In *United States v. Camarata,* 828 F.2d 974, 977 n. 5 (3d Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1036, 98 L.Ed.2d 1000 (1988), we recognized that some courts had adopted the fraud on the court exception to the general rule that revocation of probation is generally based on acts occurring after sentencing. *See also United States v. Veatch,* 792 F.2d 48, 51 (3d Cir.), *cert. denied,* 479 U.S. 933, 107 S.Ct. 407, 93 L.Ed.2d 359 (1986). We are now faced with the issue directly, and we also adopt the principle that revocation of probation is permissible when defendant's acts prior to sentencing constitute a fraud on the court.

■ Kendis argues, however, that his action in using clients' converted funds to pay restitution did not constitute a fraud on the court because there was no concealment of the crime and the court was aware of the possibility of other potential victims of Kendis' illegal activity. In this case, the record shows that Kendis relied heavily on his acts of restitution to persuade the district court to give him a relatively light prison sentence in *Kendis I* and that Kendis failed to reveal that restitution had been made with clients' money. Revocation of probation under the fraud on the court theory was thereafter appropriate under these circumstances. *See United States v. Jurgens,* 626 F.2d 142, 144 (9th Cir.1980).

Kendis next contends that the district court abused its discretion in failing to take into account explicitly the amount of time he previously served in custody before sentencing him for the revocation of probation. He argues that therefore the Bureau of Prisons improperly computed his sentence by failing to credit him with the six months that he had served on *Kendis I* prior to his revocation of probation.

 We agree with those courts that have held that when a convicted defendant receives less than the maximum possible sentence, it is presumed that the trial court has credited defendant with time already served unless the record shows otherwise. *See Granger v. United States*, 688 F.2d 1296 (9th Cir.1982); *see also Ochoa v. Lennon*, 750 F.2d 1345, 1348 (5th Cir.), *cert. denied*, 474 U.S. 979, 106 S.Ct. 382, 88 L.Ed.2d 335 (1985); *Davis v. United States*, 790 F.2d 716 (8th Cir.1986).

 Kendis also argues that the district court abused its discretion in failing to make specific factual findings regarding his ability to pay restitution. While it is true that this court has held that such findings are required where there is a dispute over restitution in order to aid in appellate review of the district court's ruling, *see United States v. Pollak*, 844 F.2d 145, 155–56 (3d Cir.1988), we explained in *United States v. Hand*, 863 F.2d 1100, 1106 (3d Cir.1988), that such factual findings are not required when there is no dispute regarding the defendant's ability to make restitution. In this case, as in *Hand*, Kendis did not object to restitution at any time preceding or during the sentencing hearing. Accordingly, the district court did not abuse its discretion.[1]

For the foregoing reasons we will affirm the order of the district court.

---

**1.** We have examined Kendis' additional arguments, i.e. that 18 U.S.C. § 3013 dealing with special assessments is unconstitutional, that the district court improperly ignored the indictment against him by the state of New Jersey and hence violated the double jeopardy clause of the United States Constitution, and that the district court should have applied retroactively the Sentencing Guidelines of the Sentencing Reform Act of 1984 which became effective after the acts committed by Kendis. After consideration, we reject each of Kendis' contentions.