**UNITED STATES of America**

v.

**Leonard SCLAFANI.**

**No. CRIM. 97–405.**

United States District Court,
D. New Jersey.

March 11, 1998.

of federal appellate "waiver-forfeiture" jurisprudence.

The Third Circuit has issued contradictory decisions regarding a defendant's ability to obtain appellate review of a restitution order to which the defendant did not object below. *Compare United States v. Kendis*, 883 F.2d 209 (3d Cir.1989) (refusing to review restitution order where there was no dispute as to defendant's ability to make restitution and defendant failed to raise objections below) *and United States v. Cannistraro*, 871 F.2d 1210 (3d Cir.1989) (refusing to review restitution order where defendant failed to raise objections below and agreed with the sentencing court's restitution analysis) *with United States v. Turcks*, 41 F.3d 893 (3d Cir.1994) (reversing restitution order despite defendant's failure to object below), *cert. denied*, 514 U.S. 1074, 115 S.Ct. 1716, 131 L.Ed.2d 575 (1995).

To decide this appeal, therefore, I must reconcile these conflicting panel decisions. I conclude that *Kendis* and *Cannistraro* were undermined by the Supreme Court's decision in *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), and that the *Turcks* court implicitly relied upon that decision in establishing new Third Circuit precedent. Thus, pursuant to *Olano* and *Turcks*, I must determine whether the defendant "waived" his objections to the restitution order effectively precluding appellate review, or merely "forfeited" his objections permitting review for plain error.

For the reasons set forth below, I conclude that the defendant "forfeited," rather than "waived," his objections and that the magistrate judge's failure to make specific factual findings amounted to plain error. Therefore, the restitution order will be vacated and this matter remanded for further proceedings consistent with this Opinion.

## I. BACKGROUND

On April 3, 1997, the defendant, Leonard Sclafani (formerly known as Leonardo Sclafani), pled guilty before the Honorable Robert B. Kugler, United States Magistrate Judge, to a one-count information charging him with conspiracy to commit bank larceny

Faith S. Hochberg, U.S. Atty., Jeremy D. Frey, Asst. U.S. Atty., U.S. Atty's Office, Mitchell H. Cohen U.S. Courthouse, Camden, NJ, for U.S.

Anne C. Singer, Earp, Cohn & Pendery, A Professional Corp., Westmont, NJ, for Leonard Sclafani.

## OPINION

ORLOFSKY, District Judge.

After pleading guilty to a one-count information charging conspiracy to commit bank larceny, the defendant was sentenced by a magistrate judge to a three-year term of probation and ordered to pay $15,000 in restitution. The defendant has appealed to this Court from the restitution order on the grounds that: (1) the magistrate judge erred by failing to make specific factual findings regarding the defendant's ability to pay restitution as required by a Third Circuit supervisory rule; and (2) the magistrate judge abused his discretion in setting the amount of restitution. The defendant, however, raises these objections for the first time on this appeal. The resolution of this appeal requires this Court to unravel the tangled web

in violation of 18 U.S.C. §§ 2113(b), 371. *See* Transcript of Plea before Hon. Robert B. Kugler, dated April 3, 1997 ("Plea Tr."). On July 16, 1997, Magistrate Judge Kugler sentenced Sclafani to a three-year term of probation and ordered Sclafani to make restitution in an amount totaling $15,000.00. *See* Judgment, *United States v. Sclafani*, Magistrate No. 97–1045 (D.N.J. Jul. 17, 1997); *see also* Transcript of Sentencing before Hon. Robert B. Kugler, dated July 16, 1997 ("Sent. Tr.").

The plea agreement between Sclafani and the government provided that the sentencing judge "may order Leonardo Sclafani to pay restitution pursuant to 18 U.S.C. §§ [sic] 3663A." Plea Agreement with Leonardo Sclafani, dated March 31, 1997 ("Plea Agreement" or "Plea Agr."), 2. The Plea Agreement also contained the following stipulation:

> The loss figure attributable to this defendant for purposes of the Guidelines and restitution is $16,800. As a result, 5 levels are added under Section 2B1.1(b)(1). The offense involved more than minimal planning and 2 levels are added under Section 2B1.1(b)(4).

Plea Agr. at 5, ¶ 2; *accord* Presentence Investigation Report ("PSI"), ¶ 5.2.

The PSI incorporated the stipulations contained in the Plea Agreement. *See* PSI at ¶¶ 59, 5. Moreover, the PSI stated:

> Pursuant to 18 U.S.C. § 3663, restitution may be ordered in this case. If the Court does not order restitution or only partial restitution, it must state its reasons for doing so, pursuant to 18 U.S.C. § 3553. Per the plea agreement, restitution in the amount of $16,800 is outstanding. The U.S. Attorney's Office reported that $3,800 is due to CitiBank ... and that $11,200 is due to The Chase Manhattan Bank ... for a total restitution due of $15,000.

*Id.* at ¶ 66. Sclafani made no objections to the PSI relating to restitution. *See id.* at Addendum; Sent. Tr. at 3.

At the sentencing hearing, the Assistant United States Attorney stated that "the

United States would request that the Court consider restitution as well." *Id.* at 5; *see id.* at 3 (requesting an order of restitution). Jay Blumberg, Esq., counsel for Sclafani at his sentencing,[1] discussed this request with Magistrate Judge Kugler as follows:

> MR. BLUMBERG: Now with respect to the restitution amount, I have not—the 15,000, the numbers that the U.S. Attorney just read to you, I wasn't, I'm not privy to. I don't know—I know that there was an amount of loss, I think, of a certain amount of money, but in terms of the specific accounts and how much was actually lost, I'm not privy to that information. But we understood that restitution may very well be—
>
> THE COURT: Well, are you disputing that the amount is $15,000? Because we need to clear this up if you are.
>
> MR. BLUMBERG: I'm not disputing. All I need is an opportunity to look at the numbers that the U.S. Attorney has, because I don't have those numbers before me. I didn't receive those numbers. I don't have anything to dispute that, quite frankly, Your Honor, but I just don't have—
>
> THE COURT: Well, I want you to be satisfied because this is an issue you're entitled to contest if you don't agree with it. Now this is information that came to the—it's in the Presentence Investigation Report at paragraph 66, $3800 due to Citibank and $11,200 to Chase Manhattan. Also, I thought, wasn't there a stipulation of the restitution amount?
>
> MR. BLUMBERG: That was in the—I'm sorry, that was in the amended I believe, Presentence Report, you're correct.
>
> THE COURT: That's the one that I have. I get the final one. You guys get the preliminary ones. But that was part of the plea agreement. Wasn't there a stipulation?
>
> MR. BLUMBERG: Yes. We don't contest. I quite frankly [sic] those numbers, because of the fact that I was working off the wrong Presentence Report, I don't contest.

---

1. By Order dated September 30, 1997, this Court granted Mr. Blumberg's motion to withdraw from this case.

THE COURT: All right.

*Id.* at 8–9. Following that exchange, Mr. Blumberg advocated a sentence of probation, arguing in part that, "if there is going to be an order of restitution, it certainly will allow him to continue and attempt to pay off whatever restitution that the Court orders." *Id.* at 11.

Near the end of the sentencing hearing, the Assistant United States Attorney broached the subject of restitution again:

MS. FUTCHER: ... Your Honor, there is the matter also of restitution. It does comes [sic] out to 15,000. If the defense is, if there's any problem with that figure—

THE COURT: No, there's no problem with that.

MS. FUTCHER: Very well.

THE COURT: Because they stipulated from the beginning, in fact they stipulated to 16,800 and it turns out to be 15,000, and that will be a term of this Court's sentence. We'll require restitution.

*Id.* at 17. On July 21, 1997, Sclafani filed a Notice of Appeal to this Court from the restitution order imposed by Magistrate Judge Kugler. *See* Fed.R.Crim.P. 58(g)(2)(B). The magistrate judge had jurisdiction of this matter pursuant to 18 U.S.C. § 3401, and this Court has jurisdiction over the appeal pursuant to 18 U.S.C. § 3402.

## II. DISCUSSION

On appeal, Sclafani contends that the restitution order must be vacated and the case remanded for resentencing. Sclafani argues that Magistrate Judge Kugler failed to make specific findings of fact regarding Sclafani's financial circumstances as required by a Third Circuit supervisory rule, and that, given Sclafani's financial straits, the entry of the restitution order in this instance was an abuse of discretion.

### A. Standard of Review

■ This Court reviews a magistrate judge's sentencing order under the same legal standards as a court of appeals reviews a district court's sentencing order. *See* Fed. R.Crim.P. 58(g)(2)(D); *United States v.*

*Mather,* 902 F.Supp. 560, 562 (E.D.Pa.1995), *aff'd mem.,* 91 F.3d 127 (3d Cir.1996); *United States v. Peck,* 545 F.2d 962, 964 (5th Cir.1977). Accordingly, I review the legality of the imposition of restitution under a de novo standard. *See, e.g., United States v. Copple,* 74 F.3d 479, 482 (3d Cir.1996). The amount of the restitution order imposed by the magistrate judge, however, is reviewed only for an abuse of discretion. *See id.*

### B. Retroactivity and the Statutory Framework of Restitution

The Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. §§ 3663–3664, provides for the formulation and imposition of a restitution order as part of a defendant's sentence. *See United States v. Copple,* 74 F.3d 479, 482 (3d Cir.1996). In 1996, however, Congress passed the Mandatory Victims Restitution Act of 1996 ("MVRA"), Pub.L. No. 104–321, 110 Stat. 1227, which substantially amended the relevant provisions of the VWPA. *See generally United States v. Baggett,* 125 F.3d 1319, 1322 (9th Cir.1997).

Prior to the passage of the MVRA, the VWPA provided in relevant part: "The court, in determining whether to order restitution under section [3663] of this title and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3664(a) (1986).

The MVRA dramatically altered this procedural landscape. For crimes including Sclafani's crime, the entry of an order of restitution is now mandatory. *See* 18 U.S.C. § 3663A (1997). Moreover, under the MVRA, "[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court *and without consideration of the economic circumstances of the defendant.*" 18 U.S.C. § 3664(f)(1)(A) (1997) (emphasis added). Instead, the court should establish a payment schedule. *See* 18 U.S.C. § 3664(f)(2) (1997). Under the MVRA, pertinent factual investigations should be delegat-

ed to the probation officer for incorporation into the PSI. *See* 18 U.S.C. § 3664(a) (1997). Because the MVRA has implemented substantive changes in the VWPA which appear to influence, if not determine, the outcome of this appeal, I must initially decide whether the MVRA is applicable to Sclafani's appeal.

By its terms, the MVRA applies to cases in which the defendant was convicted on or after April 24, 1996. *See Baggett,* 125 F.3d at 1322 (citing 18 U.S.C. § 2248 (statutory notes)). Sclafani pled guilty on June 16, 1997. *See* Plea Tr. Thus, I must apply the MVRA "to the extent constitutionally permissible." *See* 18 U.S.C. § 2248 (statutory notes); *Baggett,* 125 F.3d at 1322.

■ In determining whether to apply the VWPA in its original form or as amended by the MVRA, I must consider the prohibitions of the Constitution's Ex Post Facto Clause.

To fall within the ex post facto prohibition, a law must be retrospective—that is it must apply to events occurring before its enactment—and it must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the crime.

*Lynce v. Mathis,* 519 U.S. 433, ——, 117 S.Ct. 891, 896, 137 L.Ed.2d 63 (1997) (quotations omitted). In this case, it would be retrospective to apply the MVRA, which was passed in 1996, to Sclafani's conduct which occurred between April 1991 and January 1992. Application of the MVRA to this case would also disadvantage Sclafani because the MVRA prohibits consideration of a defendant's economic circumstances at all. *See* 18 U.S.C. § 3664(f)(1)(A) (1997).

Courts have agreed that application of the MVRA's restitution provisions to offenses committed prior to its effective date would violate the Ex Post Facto Clause. *See United States v. Thompson,* 113 F.3d 13, 14 n. 1 (2d Cir.1997); *United States v. Williams,* 128 F.3d 1239 (8th Cir.1997); *United States v. Baggett,* 125 F.3d 1319, 1322–23 (9th Cir. 1997); *United States v. Bapack,* 129 F.3d 1320, 1327 n. 13 (D.C.Cir.1997). Therefore, I

will apply the VWPA as it existed prior to the passage of the MVRA.[2]

## C. Statutory Requirements and the Third Circuit Supervisory Rule

■ As noted above, the VWPA requires a sentencing court to consider: "the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3664(a). Moreover, the Third Circuit has promulgated a supervisory rule which requires a sentencing court "to make specific findings as to the factual issues that are relevant to the application of the restitution provisions of the VWPA." *United States v. Palma,* 760 F.2d 475, 480 (3d Cir.1985); *see United States v. Pollak,* 844 F.2d 145, 155–56 (3d Cir.1988). The Third Circuit has identified the necessary factual findings to be made by the sentencing court as: (1) the amount of the loss; (2) the defendant's ability to pay and the financial needs of the defendant and the defendant's dependents; and (3) the relationship between the restitution imposed and the loss caused by the defendant's conduct. *See United States v. Logar,* 975 F.2d 958, 961 (3d Cir.1992).

## D. Conflicting Panel Opinions and Supreme Court Resolution

In response to Sclafani's challenge to the restitution order, the government contends that Sclafani has stipulated to the amount and the fact of restitution and has waived any objections to the restitution order by failing to raise them prior to this appeal. Separate panels of the Third Circuit have rendered inconsistent decisions with respect to appellate review of restitution orders where the defendant failed to object below. Although neither party has addressed these decisions on appeal, I am obliged to interpret and apply Third Circuit precedent.

On two occasions, the Third Circuit has refused to consider objections to restitution orders on appeal which were not raised be-

---

**2.** Thus, all references and citations to the VWPA in the remainder of this Opinion refer to the

statute as it existed prior to the passage of the MVRA.

low. *See United States v. Kendis,* 883 F.2d 209, 211 (3d Cir.1989); *United States v. Cannistraro,* 871 F.2d 1210 (3d Cir.1989). That rule appears to rest upon two rationales. First, after the government has shown the amount of loss, "[t]he burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and such defendant's dependents shall be on the defendant." 18 U.S.C. § 3664(d); *see United States v. Cannistraro,* 871 F.2d 1210, 1214 (3d Cir.1989); *United States v. Voigt,* 89 F.3d 1050, 1093 (3d Cir.1996) ("it was [the defendant] who bore the burden of persuasion (and, logically, the burden of production) on ... the issue of his financial resources and needs"), *cert. denied,* —— U.S. ——, 117 S.Ct. 623, 136 L.Ed.2d 546 (1996). Second, the supervisory rule is intended to ensure an adequate record for appellate review should the sentencing court reject a defendant's objections. *See Palma,* 760 F.2d at 480 (issuing supervisory rule because of "the importance of the district court's making findings of fact to facilitate meaningful appellate review of its discretionary ruling"). Thus, where review is preempted by the defendant's consent to a restitution order, there is no need to clarify the record for appellate review. *See Kendis,* 883 F.2d at 211.

In *Kendis,* the Third Circuit rejected precisely the same argument which Sclafani raises here—that the sentencing court had not made specific findings regarding his ability to pay restitution. The court found that "[w]hile it is true that this court has held that such findings are required where there is a dispute over restitution in order to aid in appellate review of the [sentencing] court's ruling ... such factual findings are not required when there is no dispute regarding the defendant's ability to make restitution." *Id.* The court concluded that, because the defendant "did not object to restitution at any time preceding or during the sentencing hearing," it was not an abuse of discretion to enter the restitution order. *Id.; see Cannistraro,* 871 F.2d at 1214 ("By failing to contest the underlying factors used by the district court imposing the order of restitution, Cannistraro has waived his right to contest this order.").

These decisions emphasize that it is the defendant who bears the burden of proof. In *United States v. Marino,* 1990 WL 79670 (E.D.Pa. June 6, 1990), "despite having had ample opportunity at the time of sentencing, neither defendant nor his counsel contested the amounts set forth in the presentence report nor raised an objection once the court issued its restitution order. Nor did defendant proffer any evidence establishing his ability to pay, the needs of any dependents, or any other financial obligations with which he might be burdened." *Id.* at *3. On reconsideration of the defendant's motion to correct or reduce his sentence, the court concluded that, "[h]aving failed to raise any objection to the court's restitution order at the time of sentencing, defendant has waived his right to do so now." *Id.*

Despite these rulings, however, a subsequent panel of the Third Circuit reversed a restitution order which lacked the requisite factual findings despite the defendant's failure to object. *See United States v. Turcks,* 41 F.3d 893 (3d Cir.1994), *cert. denied,* 514 U.S. 1074, 115 S.Ct. 1716, 131 L.Ed.2d 575 (1995). In *Turcks,* the Third Circuit specifically noted that the defendant "did not object" to the district court's imposition or restitution without making the factual finding required by the supervisory rule. *Turcks,* 41 F.3d at 901. Nevertheless, the court reversed and remanded for resentencing "because the district court failed to comply with our express statement that such findings are essential for our review." *Id.* In doing so, the court never cited or distinguished *Kendis* or *Cannistraro.*

These conflicting panel decisions require that I determine which Third Circuit authority controls my decision in this case. In general, "[t]o the extent that the decision of a later panel conflicts with prior Third Circuit precedent, this court remains bound by the earlier, not the later, decision." *Mitchell v. Eastman Kodak Co.,* 910 F.Supp. 1044, 1049 (M.D.Pa.1995) (citing *United States v. Monaco,* 23 F.3d 793, 803 (3d Cir. 1994)), *aff'd on other grounds,* 113 F.3d 433 (3d Cir.1997). However, "a panel may reevaluate a precedent in light of intervening authority and amendments to statutes or

regulations." *Local Union No. 19 v. United States Department of Veterans Affairs*, 135 F.3d 891 901–02 (3rd Cir.1998); *see Reich v. D.M. Sabia Co.*, 90 F.3d 854 (1996). Such authority, of course, includes a decision of the Supreme Court which undermines prior Third Circuit precedent. *See, e.g., Nationwide Insurance Co. v. Patterson*, 953 F.2d 44, 46 (3d Cir.1991).[3]

Although the *Turcks* panel never explained, or even acknowledged, its departure from prior Third Circuit precedent, the panel did cite and apply the intervening Supreme Court case of *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). *See Turcks*, 41 F.3d at 897. In *Olano*, rendered after the decisions in *Kendis* and *Cannistraro*, but prior to the decision in *Turcks*, the Supreme Court revisited the general subject of appellate review of "waived objections." *See Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508.

The Supreme Court focussed on Rule 52(b) of the Federal Rules of Criminal Procedure which provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Court determined that "[d]eviation from a legal rule is 'error' unless the rule has been waived." *Olano*, 507 U.S. at 732–33. The Court explained, however, that "[w]aiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *Id.* at 733 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). Thus, if a defendant waives a right, the result is not reviewable; if a defendant forfeits a right, the result is reviewable but only for plain error. *See Olano*, 507 U.S. at 733; *United States v. Branham*, 97 F.3d 835, 842 (6th Cir.1996); *United States v. Tipton*, 90 F.3d 861, 873 (4th Cir.1996), *cert. denied*, 117 S.Ct. 2414 (1997).

■ The *Turcks* panel cited *Olano* when setting forth its standard of review, and then proceeded to review the restitution order for

plain error as dictated by that decision. *See Turcks*, 41 F.3d at 897, 901. Thus, although the *Turcks* panel failed to address its departure from Third Circuit precedent explicitly, I conclude that the *Turcks* court re-evaluated *Kendis* and *Cannistraro* in light of the Supreme Court's decision in *Olano*. *Cf. United States v. Perez*, 116 F.3d 840, 842 (9th Cir. 1997) ("[o]n en banc review, we conclude that *Olano* limits our application of the invited error doctrine to those rights deemed waived, as opposed to merely forfeited"). Consequently, I am bound by the *Turcks* decision and I will evaluate Sclafani's appeal in light of *Olano* and *Turcks*.

### E. Waiver, Forfeiture and Plain Error

The distinction between waiver and forfeiture has caused, and continues to cause, significant confusion among courts and litigants. *See, e.g., United States v. Goldberg*, 67 F.3d 1092, 1099 (3d Cir.1995); *United States v. Falkowski*, 900 F.Supp. 1207, 1210 n. 1 (D.Alaska 1995), *aff'd on other grounds*, 97 F.3d 1461, 1996 WL 528502 (9th Cir. Sep.13, 1996); *see also United States v. Marder*, 48 F.3d 564, 570 (1st Cir.) (referring to the distinction between waiver and forfeiture as an "esoteric procedural corner of the federal law"), *cert. denied*, 514 U.S. 1056, 115 S.Ct. 1441, 131 L.Ed.2d 320 (1995). In particular, the common misnomer of referring to forfeited arguments as "waived" creates judicial language purporting to state a proposition of law relating to waiver when the decision actually concerns forfeiture. *See, e.g., United States v. Martin*, 128 F.3d 1188, 1190 (7th Cir.1997) (applying plain error analysis to restitution order because defendant "waived this issue by failing to raise it at his sentencing hearing").

■ The Supreme Court's decision in *Olano*, however, clarified that distinction. The first question I must answer is whether the right to appellate review of a restitution order is waivable. *See Olano*, 507 U.S. at 733. The Third Circuit has concluded that a defendant may waive the right to contest an

<hr>

**3.** The VWPA was amended in 1990, but § 3664(a) remained unchanged. *See* Pub.L. No. 101–647, 104 Stat. 4931 (1990).

order of restitution. *See United States v. Ofchinick,* 937 F.2d 892 (3d Cir.1991); *Kendis,* 883 F.2d at 211; *Cannistraro,* 871 F.2d at 1214. Other Courts of Appeals have recently confirmed this. *See United States v. Malpeso,* 126 F.3d 92, 95 (2d Cir.1997); *United States v. Martin,* 128 F.3d 1188, 1193 (7th Cir.1997); *United States v. Greger,* 98 F.3d 1080, 1082 (8th Cir.1996); *see also United States v. Zink,* 107 F.3d 716 (9th Cir.1997) (acknowledging that right is waivable but concluding that defendant did not waive it in this instance).

The next question is whether Sclafani waived, as opposed to forfeited, his objections to the restitution order. Only an "intentional relinquishment or abandonment of a known right" will suffice to deprive Sclafani of appellate review. *See Olano,* 507 U.S. at 733. An explicit agreement or stipulation, of course, constitutes a waiver of rights. *See, e.g., Malpeso,* 126 F.3d at 95; *Martin,* 128 F.3d at 1193. In addition, a defendant's failure to object can constitute a waiver where the defendant "consciously refrains from objecting as a tactical matter." *United States v. Yu–Leung,* 51 F.3d 1116, 1122 (2d Cir.1995); *see also United States v. Salerno,* 108 F.3d 730, 740 (7th Cir.) (where "defendant was well aware of the potential need for such a limiting instruction ... his lack of request for such an instruction coupled with his affirmative acceptance of the court's final jury instructions demonstrates that he intentionally relinquished his known right"), *cert. denied,* —— U.S. ——, 117 S.Ct. 2517, 138 L.Ed.2d 1018 (1997).

It is clear that Sclafani did not stipulate to paying restitution in the Plea Agreement. The Plea Agreement provided that the court "*may* order Leonardo Sclafani to pay restitution." Plea Agr. at 2 (emphasis added). This language is permissive, precluding any determination of waiver based on the Plea Agreement. The PSI similarly indicates that Sclafani had not stipulated to restitution. *See* PSI at 11 ("restitution *may* be ordered in this case") (emphasis added).

My conclusion is also consistent with the stipulation to the amount of loss contained in the Plea Agreement:

The loss figure attributable to this defendant for purposes of the Guidelines and restitution is $16,800. As a result, 5 levels are added under Section 2B1.1(b)(1). The offense involved more than minimal planning and 2 levels are added under Section 2B1.1(b)(4).

Plea Agr. at 5. Although the loss figure pertained to both guidelines calculation and restitution, the Plea Agreement only contained stipulations concerning guidelines calculation. I conclude that Sclafani had not waived his objections to restitution prior to his sentencing hearing.

The record of Sclafani's sentencing hearing is inconclusive as to waiver because it is unclear whether Sclafani waived his objections to the restitution order, or only waived objections to the amount of loss. This is a distinction with a difference. Pursuant to U.S.S.G. § 2B1.1(b)(1)(F), Sclafani received a five level increase in his offense level because his crime involved a loss between $10,000 and $20,000. *See* Sent. Tr. at 5; *see also* PSI at 6. Thus, Sclafani's position that he stipulated to the amount of loss, but not to the amount of restitution is not unreasonable.

At the sentencing hearing, Mr. Blumberg, counsel for Sclafani at that time, spoke "with respect to the restitution amounts" and stated that he knew "that there was an amount of loss." Sent. Tr. at 8. Magistrate Judge Kugler interrupted Mr. Blumberg to ask: "are you disputing that the amount is $15,-000? Because we need to clear this up if you are." *Id.* Mr. Blumberg replied: "I'm not disputing. All I need is an opportunity to look at the numbers that the U.S. Attorney has, because I don't have those numbers before me." *Id.* It remains unclear from this exchange whether the topic of discussion was the amount of loss or the amount of restitution.

Nor was the ambiguity clarified when Magistrate Judge Kugler further advised that "this is an issue you're entitled to contest if you don't agree with it," and Mr. Blumberg replied: "Yes. We don't contest." *Id.* at 9. Sclafani's position is bolstered by Mr. Blumberg's subsequent statement, advocating a sentence of probation, that "if there is going to be an order of restitution, it certainly will allow him to continue and attempt to pay off whatever restitution that the Court orders." *Id.* at 11. This indicates that Mr. Blumberg, at least, did not consider a

restitution order to be a foregone conclusion, and thus had not intended to stipulate to the payment of restitution.

■ Magistrate Judge Kugler, however, entered the restitution order in reliance on his, I think reasonable, perception that Sclafani had stipulated to restitution. *See id.* at 17 ("Because they stipulated from the beginning, in fact they stipulated to 16,800 and it turns out to be 15,000, and that will be a term of this Court's sentence. We'll require restitution."); *id.* ("I don't think there's any dispute about the restitution."). Because the magistrate judge entered the restitution order with the understanding that Sclafani had stipulated to restitution, and because it remains unclear on review of what is, at best, an ambiguous record, whether Sclafani actually waived that objection, or only his objection to the amount of loss, I conclude that Sclafani has not waived his objections to the restitution order. *See United States v. Marder,* 48 F.3d 564, 571 (1st Cir.1995) (declining to find a waiver where that issue was uncertain).

Sclafani did, however, "forfeit" these objections by failing to raise them before the magistrate judge. *See, e.g.,* Sent. Tr. at 21. I must therefore review the restitution order for plain error. *See Olano,* 507 U.S. at 732–34; *Turcks,* 41 F.3d at 901; *United States v. Castner,* 50 F.3d 1267, 1277 (4th Cir.1995); *Martin,* 128 F.3d at 1190; *United States v. Davis,* 117 F.3d 459, 462 (11th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 355, 139 L.Ed.2d 276 *and* —— U.S. ——, 118 S.Ct. 395, 139 L.Ed.2d 309 (1997). As the Supreme Court recently reiterated:

> Under that test, before an appellate court can correct an error not raised at trial, there must be (1) "error," (2) that is "plain," and (3) that "affect[s] substantial rights." If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."

*Johnson v. United States,* 520 U.S. 461, —— ––——, 117 S.Ct. 1544, 1548–49, 137 L.Ed.2d 718 (1997) (quoting *Olano* ).

■ The Third Circuit has determined that the entry of a restitution order in the absence of specific factual findings required by the Third Circuit's supervisory rule amounts to plain error. *See, e.g., United States v. Graham,* 72 F.3d 352, 356 (3d Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1286, 134 L.Ed.2d 230 (1996); *Turcks,* 41 F.3d at 901; *United States v. Copple,* 24 F.3d 535, 550 (3d Cir.), *cert. denied,* 513 U.S. 989, 115 S.Ct. 488, 130 L.Ed.2d 400 (1994); *see also United States v. Thompson,* 113 F.3d 13, 14 (2d Cir.1997) (finding that defendant's failure to object to restitution order where sentencing court did not consider § 3664(a) factors is not a bar to appellate review "because improperly ordered restitution constitutes an illegal sentence amounting to plain error"). Thus, I have discretion to notice this error. *See Johnson,* 520 U.S. at ——, 117 S.Ct. at 1549. Although the magistrate judge's perception that Sclafani had waived his objections to the restitution order was more than understandable, given the ambiguous record below and out of an abundance of caution I will vacate that order and remand the issue of restitution to the magistrate judge for further proceedings in accordance with § 3664(a), the Third Circuit supervisory rule articulated in *United States v. Palma,* 760 F.2d 475, 480 (3d Cir.1985), and this Opinion. *See United States v. Fiorelli,* 133 F.3d 218, 224 (3d Cir.1998) (remanding sentencing enhancement "out of an abundance of caution ... to provide an opportunity for the [sentencing] court to make its views clear"); *United States v. Innamorati,* 996 F.2d 456, 471 (1st Cir.) ("This may have no effect on [the defendant's] actual sentence ... but out of an abundance of caution we remand his case to the district court for resentencing."), *cert. denied,* 510 U.S. 955, 114 S.Ct. 409, 126 L.Ed.2d 356 (1993), 510 U.S. 972, 114 S.Ct. 459, 126 L.Ed.2d 391 (1993), *and* 510 U.S. 1120, 114 S.Ct. 1072, 127 L.Ed.2d 391 (1994). In resentencing the defendant, the magistrate judge may, in his discretion, receive and consider such additional evidence as he deems appropriate.

### III. CONCLUSION

For the reasons set forth above, the restitution order will be vacated and this matter will be remanded for further proceedings consistent with this Opinion. The Court will enter an appropriate Order.

## ORDER

This matter having come before the Court on Defendant's appeal from the restitution order entered on July 16, 1997, by the Honorable Robert B. Kugler, United States Magistrate Judge, Anne C. Singer, Esq., Earp, Cohn & Pendery, A Professional Corporation, appearing on behalf of Defendant, Leonard Sclafani, and Faith S. Hochberg, Esq., United States Attorney, and Jeremy D. Frey, Esq., Assistant United States Attorney, appearing on behalf of the United States of America; and,

The Court having considered Defendant's brief and papers filed in support thereof, the government's opposition, and Defendant's reply, and for the reasons set forth in this Court's Opinion filed concurrently with this Order;

It is on this 11th day of March, 1998, hereby ORDERED that the restitution order is VACATED; and,

IT IS FURTHER ORDERED that this matter is REMANDED to the magistrate judge for further proceedings consistent with the Opinion filed concurrently with this Order.