CONCURRING OPINION
Justice Frankfurter wrote, "[w]isdom too often never comes, and so one ought not to reject it merely because it comes late."Henslee v. Union Planters Nat. Bank Trust Co. (1949),335 U.S. 595, 600 (Frankfurter, J., dissenting). My initial decision to reverse the court's order revoking probation stemmed from my belief that Brookpark v. Necak (1986), 30 Ohio App.3d 118, controlled the disposition of this appeal. Upon further reflection, I now respectfully conclude that Necak, while still good law as relates to the question of double jeopardy, is not dispositive for the reasons stated in the lead opinion. I write separately to stress my belief that Burnside's intentional failure to inform the court of her intervening conviction occurring just days after her guilty plea in the instant case, but before sentencing, constituted a fraud upon the court that warranted the court's decision to revoke community controlled sanctions and impose jail time.
We briefly touched upon the fraud issue in Necak when it appeared a presentence report relied upon by the sentencing court contained information that Necak had been convicted of a driving offense in 1979. Necak's counsel reportedly denied that this conviction involved an alcohol-related moving violation, but the court later obtained records which indicated otherwise. The court then vacated its previous sentence and imposed a longer jail term. Deciding the case on double jeopardy grounds, we nonetheless noted the potential fraud upon the court by stating, "we express no opinion whether the court had reason to punish defendant's counsel." 30 Ohio App. 3d at 120.
The fraud in this case did not stem from defense counsel, but from Burnside herself who failed to inform the court that she had been convicted in Summit County of a drug offense in the interval occurring just after her guilty plea in this case and her sentencing on that guilty plea. Information about the Summit County offense was particularly important because the court indicated at sentencing that it would not normally consider Burnside a candidate for community controlled sanctions, but had done so based on representations from Burnside and her attorney. Burnside's failure to inform the court brings this case squarely within State v.Thomason (Feb. 23, 1995), Cuyahoga App. No. 67012, unreported andUnited States v. Kendis (C.A.3, 1989), 883 F.2d 209. As the lead opinion points out, the failure to inform the court of the Summit County conviction was an act of omission, not commission. But it does not matter. As in Kendis, where the sentencing court "relied heavily" on alleged acts by Kendis, Burnside knew full well that the court would not have imposed community controlled sanctions but for representations from her and her attorney. Burnside's failure to inform the court of the intervening conviction amounted to anaffirmative fraud upon the court.
It is significant that the unreliable information forwarded to the court in Necak did not come from Necak himself, but his attorney. Misinformation coming from an attorney does not suggest that harsher sanctions should be imposed upon a client. However in this case, Burnside was solely responsible for failing to inform the court of information relevant to her sentencing. The court recognized this fact by noting on the record that it believed it had been misled when ordering community controlled sanctions. A similar situation existed in Kendis, where the Third Circuit Court of Appeals noted that Kendis himself perpetrated the fraud upon the court.
For these reasons, I respectfully conclude Necak no longer applies to this case, and join the lead opinion.