

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2002

# USA v. Is'Haq

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3649

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Is'Haq" (2002). *2002 Decisions.* Paper 465.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/465

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3649
_____


UNITED STATES OF AMERICA

v.

SCHMALSTIG, BRUCE LEWIS
ABDUL MU'MIN IS'HA

                    Abdul Mu'Min Is'Haq,
                    formerly known as Bruce L. Schmalstig,
                                              Appellant

_____

On Appeal from the United States District Court
        for the District of New Jersey
        D.C. Criminal No. 93-cr-00321-2
        (Honorable William G. Bassler)
        _____


Submitted Pursuant to Third Circuit LAR 34.1(a)
                June 4, 2002
Before:  SCIRICA, BARRY and WEIS, Circuit Judges

            (Filed  July 30, 2002)

            _____

            OPINION OF THE COURT
            _____


SCIRICA, Circuit Judge.

     This is a sentencing appeal.  Abdul Mu'Min Is'Haq, formerly known as Bruce
Schmalstig, contends the District Court committed several sentencing errors following
his entry of a guilty plea.  We will affirm.
                              I.
     On September 14, 1993, Abdul Mu'Min Is'Haq was charged in a ten-count
indictment with three bank robberies (violating 18 U.S.C.   371, 2113(a) and (d)) and
three firearm offenses (violating 18 U.S.C.   924(c)).  Court-appointed counsel, who
allegedly misinformed Is'Haq of his potential length of incarceration, advised Is'Haq to
plead guilty.  Nevertheless, Is'Haq refused a plea offer for a total of twenty-five years'
imprisonment.  After a jury convicted Is'Haq on all counts, the District Court sentenced
him to almost sixty-seven years' imprisonment and three years of supervised release, and
ordered him to pay $23,328.12 in restitution.  We affirmed these convictions in October
1995.
     In 1997 Is'Haq brought a 28 U.S.C.   2255 claim for post-conviction relief.  After
an evidentiary hearing, the District Court concluded Is'Haq received ineffective
assistance of counsel during his plea negotiations.  The District Court requested and

received an updated pre-sentence report. Is'Haq filed written objections to the PSR, claiming he deserved a two-point reduction for acceptance of responsibility and that enhancement for obstruction of justice was not warranted. Is'Haq also contended the restitution order was improper "double counting," because a co-defendant had been ordered to pay the same amount (representing the total loss to the banks). After another hearing, the District Court re-sentenced Is'Haq to twenty-five years' imprisonment, as if he had accepted the government's 1994 plea offer. The Court rejected Is'Haq's two adjustment arguments and affirmed the restitution order. This appeal followed.

## II.

The District Court had jurisdiction under 18 U.S.C. 3231 and 28 U.S.C. 2255. We have jurisdiction under 28 U.S.C. 1291.

## III.

Is'Haq contends the District Court wrongly denied his request for a two-point reduction for acceptance of responsibility under U.S.S.G. 3E1.1. We review a district court's "factual determination with respect to acceptance of responsibility" for clear error. United States v. Muhammad, 146 F.3d 161, 167 (3d Cir. 1998). Is'Haq argues his re-sentence should have placed him in the "position he would have occupied" if prior counsel had provided effective assistance. From that position, Is'Haq suggests he would have accepted the 1994 plea offer, "accepting responsibility" for purposes of 3E1.1.

We disagree. The District Court determined Is'Haq's 1994 refusal to plead guilty (his "roll" of "the dice") resulted in a lengthy trial, during which he falsely testified about the robberies and lied to his trial counsel. Those determinations, which pertain directly to Is'Haq's acceptance of responsibility, are entitled to "great deference," because the sentencing judge "is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. 3E1.1 app. n.5. Additionally, the District Court determined Is'Haq had "obstructed justice," justifying an enhancement under U.S.S.G. 3C1.1. "Conduct resulting in an enhancement under U.S.S.G. 3C1.1 ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. 3E1.1 app. n.4. Is'Haq did not demonstrate his was an "extraordinary" case falling outside this presumption. We see no error.

## IV.

Is'Haq next argues the District Court incorrectly held the 1994 offer required him to plead guilty to 18 U.S.C. 2113(d) (endangering other persons with a dangerous weapon during a bank robbery). We review for clear error. United States v. Boone, 279 F.3d 163, 177 n.9 (3d Cir. 2002). The District Court determined the plea offer was for "three bank robberies and one weapons charge." As noted, the government offered to cap Is'Haq's sentence at twenty-five years. Is'Haq suggests the "logical plain-sense understanding" of the plea is that "three bank robberies" referred to charges under 18 U.S.C. 2113(a), the statutory maximum of which would be twenty years. Therefore, when added to the five-year consecutive sentence for a 18 U.S.C. 924(c) charge, the plea offer would total twenty-five years. But in its September 2001 opinion, the District Court found the plea agreement encompassed all six robbery counts, which ultimately enhanced Is'Haq's total offense level under U.S.S.G. 4B1.1.

Is'Haq did not demonstrate the government had offered (or would offer) to dismiss the 2113(d) counts. When asked about his understanding of the agreement, Is'Haq testified he only thought if he "pled guilty [the government] would drop the two gun charges." Moreover, the Assistant United States Attorney testified the government's plea offer would have required Is'Haq to plead guilty to 2113(d). The government and defense counsel apparently referred to counts under 2113(a) and (d) as "the three bank robberies." The District Court found the reference to a twenty-year maximum sentence was "not probative of whether the plea agreement would encompass a guilty plea to the 2113(d) charges." That conclusion is supported by the record. We see no error.

Is'Haq contends the District Court should not have granted a two-point enhancement under U.S.S.G. 3C1.1. We review the factual determination that Is'Haq obstructed justice for clear error. United States v. Powell, 113 F.3d 464, 467 (3d Cir. 1997). We exercise plenary review over the District Court's legal interpretation of the sentencing guidelines. Id.

Is'Haq concedes he committed perjury during his trial. But he suggests enhancing his sentence by two levels was improper, because with proper legal representation, he would never have had a trial or an opportunity to "obstruct justice." Is'Haq contends

the sentencing court did not "return" him to his pre-trial "position" and that any "obstruction" was directly related to ineffective assistance.

We disagree. Application note 4 to 3C1.1 identifies "committing, suborning, or attempting to suborn perjury" as justifications for the enhancement. Is'Haq admitted he committed perjury during trial and induced his father to testify falsely, hoping to establish an alibi. At the post-conviction hearing Is'Haq testified his attorney advised him not to take the stand, so his "obstructions" did not result from counsel's advice. Sentencing courts responding to claims of denial of effective counsel "have considerable discretion in fashioning a remedy appropriate under the circumstances." United States v. Day, 969 F.2d 39, 47 (3d Cir. 1992). Under the facts of this case, a two-level enhancement under 3C1.1 was justified. See United States v. Bethancourt, 65 F.3d 1074, 1081 (3d Cir. 1995). Moreover, Is'Haq's adjusted offense level, including the enhancement, was 34, the same it would be under the career offender provision (U.S.S.G. 4B1.1(B)), for which Is'Haq qualified. We see no error.

### VI.

Finally, Is'Haq contends the District Court did not adequately address his ability to satisfy the restitution order. Given Is'Haq's failure to object during the 2255 hearing, we review for plain error. United States v. Diaz, 245 F.3d 294, 312 (3d Cir. 2001). During the post-conviction hearing, Is'Haq's current counsel represented, "[Is'Haq] does not quibble with the $23,000. He just thinks it ought to be equally apportioned. But he understands that it is money he has stolen . . . and that therefore he is responsible for that and willing to pay that." When asked for clarification, counsel said Is'Haq hoped to ensure his obligations were "joint and several" with his co-defendant, Edward Lugo. The District Court then entered the order on liability that Is'Haq requested, finding Is'Haq and Lugo "jointly and severally" liable for restitution in the amount of $23,328.12.

Defense counsel did not object to Is'Haq's paying restitution under the Inmate Financial Responsibility Program (IFRP). Is'Haq simply asked the District Court to suspend his obligation to pay while he was incarcerated, and direct him to pay the entire amount on supervised release. Thereafter, the District Court adopted the PSR's finding that Is'Haq was capable of paying the restitution amount. See United States v. Gibbs, 190 F.3d 188, 207 n.10 (3d Cir. 1999) (holding an unchallenged conclusion in a PSR is "of course, a proper basis for sentence determination") (quotations and citations omitted); see also United States v. Cannistraro, 871 F.2d 1210, 1214 (3d Cir. 1989) ("By failing to contest the underlying factors used by the district court imposing the order of restitution, [defendant] has waived his right to contest this order.").

The restitution order complied with the requirements of the Victim and Witness Protection Act (VWPA), 18 U.S.C. 3663. The District Court chose not to impose a fine and waived the interest requirement on the restitution sum. Based on Is'Haq's representations along with his good health and vocational skills the District Court found Is'Haq could satisfy the restitution order. The District Court met its obligations under VWPA. See United States v. Kendis, 883 F.2d 209, 210 (3d Cir. 1989) (specific findings relating to a defendant's ability to pay restitution "not required when there is no dispute regarding a defendant's ability to make restitution") (quotations and citations omitted). We see no error.

### VII.

For the foregoing reasons we will affirm the sentence imposed by the District Court.

TO THE CLERK:

Please file the foregoing opinion.

/s/Anthony J. Scirica
Circuit Judge