OPINION *Page 2 
{¶ 1} Defendant-appellant William Brown appeals from the January 3, 2007 Entry of the Fairfield County Court of Common Pleas revoking his community control. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 17, 2004, the Fairfield County Grand Jury indicted appellant in Case No. 04 CR 443 on one count of theft of a firearm in violation of R.C. 2913.02, a felony of the third degree, and one count of theft of a motor vehicle in violation of R.C. 2913.02, a felony of the fourth degree. Both counts contained firearm specifications. At his arraignment on December 22, 2004, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} On January 7, 2005, appellant was indicted in Case No. 05 CR 008 on one count of escape in violation of R.C. 2921.34(A)(1), a felony of the third degree. At his arraignment on January 14, 2005, appellant entered a plea of not guilty to the charge.
 {¶ 4} Subsequently, on February 18, 2005, appellant withdrew his former not guilty plea in Case No. 04 CR 443 and entered a plea of guilty to both counts contained in the indictment and to one of the firearm specifications. The other specification was dismissed. On the same date, appellant entered a plea of guilty to the charge of escape in Case No. 05 CR 008. Pursuant to a Judgment Entry filed on February 24, 2005, appellant was sentenced to an aggregate prison sentence of two (2) years in Case No. 04 CR 443. The trial court, in its entry, ordered that the sentence in this case be served consecutively to the sentence imposed in Case No. 05 CR 008 and ordered that *Page 3 
appellant pay a fine in the amount of $250.00 and make restitution in the amount of $250.00. Pursuant to a separate Judgment Entry filed on February 24, 2005, in Case No. 05 CR 008, appellant was sentenced to a prison term of three (3) years in such case and was ordered to pay restitution. The trial court, in its entry in such case, ordered that appellant's sentence be served consecutively to his sentence in Case No. 04 CR 443.
 {¶ 5} Subsequently, on February 28, 2006, appellant filed a Motion for Judicial Release in Case No. 04 CR 443. A hearing on appellant's motion was held on March 24, 2006. As memorialized in an Entry filed on March 31, 2006, in Case No. 04 CR 443, the trial court granted appellant's motion and placed appellant on community control for a period of five (5) years under specified terms and conditions. The trial court ordered that appellant's judicial release would begin upon his release from prison in Case No. 05 CR 008.
 {¶ 6} Thereafter, on September 26, 2006, appellant filed a Motion for Judicial Release in Case No. 05 CR 008. Following a hearing held on November 2, 2006, the trial court, via an Entry filed on November 20, 2006, in Case No. 05 CR 008, granted appellant's motion and placed appellant on community control for a period of five (5) years under specified terms and conditions
 {¶ 7} On November 29, 2006, appellee filed Motions to Revoke appellant's community control in both cases. Appellee, in its motions, alleged that appellant had violated the terms of his community control as follows:
 {¶ 8} "1. Defendant has become intoxicated or has gone to places where intoxicating beverages are sold as a major part of their business, has used narcotics, *Page 4 
illegal or habit forming drugs without a doctor's prescription, has failed to avoid persons who possess, use or sell drugs and places where such drugs are illegally possessed, sold or used, in violation of Term #17 of his terms of probation."
 {¶ 9} At a revocation hearing on December 22, 2006, appellant stipulated that he tested positive for THC (marijuana) on November 26, 2006. At the hearing, both appellant and his wife stated that he had not used any alcohol or drugs after his release from prison on November 2, 2006. Appellant stated that he had smoked marijuana while in prison three days before his release. At the conclusion of the hearing, the trial court took the matter under advisement and scheduled a continuation of the hearing until December 27, 2006. On such date, the trial court sustained appellee's Motion to Revoke appellant's community control, stating on the record, in relevant part, as follows:
 {¶ 10} "The Court finds that the Defendant smoked marihuana [sic] while in a state penal institution within a few days of the oral hearing on his motion for judicial release. The Defendant represented to the Court at the time of the oral hearing on the motion for judicial release, when questioned about some of the issues on the institutional summary report, that, in essence, what you were doing was, you were in there just minding your own business and getting your time done.
 {¶ 11} "The Court is also aware of the Defendant's personal circumstances. The Court cannot ignore the undisclosed consumption of marihuana [sic] while incarcerated in a state penal institution within days of his release on judicial release.
 {¶ 12} "Therefore, the Court finds that the Defendant has demonstrated that he is not amenable to community control and the Court revokes the Defendant's community control and imposes the balance of the sentences previously entered in the case." *Page 5 
Transcript of proceedings held on December 22, 2006 and December 27, 2006 at 19-20. The trial court's decision was memorialized in two Entries filed on January 3, 2007.
 {¶ 13} Appellant now raises the following assignments of error on appeal:
 {¶ 14} "I. THE TRIAL COURT ERRED AND ABUSED ITS' [SIC] DISCRETION WHEN IT REVOKED DEFENDANT'S COMMUNITY CONTROL AS A SANCTION FOR VIOLATION OF A TERM OF COMMUNITY CONTROL PRIOR TO BEING PLACED ON COMMUNICTY [SIC] CONTROL.
 {¶ 15} "II. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL CONTRARY TO THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I §§ 1 AND 10 OF THE OHIO CONSTITUTION."
 I {¶ 16} Appellant, in his first assignment of error, argues that the trial court erred in revoking appellant's community control.
 {¶ 17} Because a community control revocation hearing is not a criminal trial, the State does not have to establish a violation with proof beyond a reasonable doubt. State v. Payne, Warren App. No. CA2001-09-081, 2002-Ohio-1916, citing State v. Hylton (1991),75 Ohio App.3d 778, 782, 600 N.E.2d 821. Instead, the prosecution must present "substantial" proof that a defendant violated the terms of his community control sanctions. Id., citing Hylton at 782, 600 N.E.2d 821. Accordingly, we apply the "some competent, credible evidence" standard set forth in C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E .2d 578, to determine whether a court's finding that a defendant violated the terms of his community control sanction is supported by the *Page 6 
evidence. See State v. Umphries (July 9, 1998), Pickaway App. No. 97CA45, 1998 WL 377768; State v. Puckett (Nov. 12, 1996), Athens App. No. 96CA1712, 1996 WL 666660.
 {¶ 18} This highly deferential standard is akin to a preponderance of the evidence burden of proof. See State v. Kehoe (May 18, 1994), Medina App. No. 2284-M., 1994 WL 189659. Once a court finds that a defendant violated the terms of his community control sanction, the court's decision to revoke community control may be reversed on appeal only if the court abused its discretion. Columbus v. Bickel (1991),77 Ohio App.3d 26, 38, 601 N.E.2d 61. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Maurer (1984), 15 Ohio St .3d 239, 253, 473 N.E.2d 768.
 {¶ 19} In the case sub judice, the trial court did not find that appellant had violated the terms and conditions of his community control. Rather, the court revoked appellant's community control after discovering that appellant had smoked marijuana in prison within days of the hearing on his Motion for Judicial Release.
 {¶ 20} Although not on point, we find the case of State v.Bumside (June 29, 2000), Cuyahoga App. No. 76035, 2000 WL 868497 to be instructive. In such case, the appellant was placed on probation on January 25, 1999. After learning from the appellant's probation officer that, on the afternoon of January 25, 1999, the appellant had been sentenced on another case, the trial court revoked the appellant's probation on the basis that it had been misled as to a material fact in its decision regarding sentencing. The appellant then appealed. *Page 7 
 {¶ 21} The Eighth District Court of Appeals affirmed the decision of the trial court, holding that the appellant's intentional failure to inform the trial court of the pending charge against her prior to sentencing constituted a fraud upon the court that justified the trial court's decision to revoke her probation. In so holding, the court stated, in relevant part, as follows: "… United States v. Kendis (3d Cir. 1989), 883 F.2d 209, moreover, directly addresses the situation faced by the trial court herein. In Kendis, the defendant, upon entry of a guilty plea to one count of bank fraud, agreed to make restitution. He made partial restitution by the time of his sentencing; thus, the district court suspended nearly all of the defendant's five-year sentence. However, when the district court subsequently was informed that the defendant's "restitution" had been made from former clients' funds the defendant had converted to his own use, the district court terminated the defendant's probation. This decision was upheld on appeal; the federal appeals court explained its rationale as follows:
 {¶ 22} "On appeal Kendis contends first that the district court abused its discretion in revoking his probation on Kendis I because the offenseon which the district court relied for such revocation occurred prior tohis sentencing and hence while he was not on probation. We rejectKendis' argument. In United States v. Camarata, 828 F.2d 974, 977 n. 5 (3d Cir. 1987), cert. denied, ___U.S.___, 108 S.Ct. 1036, 98 L.Ed.2d 1000
(1988), we recognized that some courts had adopted the fraud on the court exception to the general rule that revocation of probation is generally based on acts occurring after sentencing. See also UnitedStates v. Veatch, 792 F.2d 48, 51 (3d Cir.), cert. denied, 479 U.S. 933,107 S.Ct. 407, 93 L.Ed.2d 359 (1986). We are now *Page 8 
faced with the issue directly, and we also adopt the principle thatrevocation of probation is permissible when defendant's acts prior tosentencing constitute a fraud on the court.
 {¶ 23} "Kendis argues, however, that his action in using clients' converted funds to pay restitution did not constitute a fraud on thecourt because there was no concealment of the crime and the court was aware of the possibility of other potential victims of Kendis' illegal activity. In this case, the record shows that Kendis relied heavily on his act of restitution to persuade the district court to give him arelatively light prison sentence in Kendis I and that Kendis failed toreveal that restitution had been made with clients' money.Revocation of probation under the fraud on the court theory wasthereafter appropriate under these circumstances. See United States v.Jurgens, 626 F.2d 142, 144 (9th Cir. 1980). (Emphasis added.)
 {¶ 24} "Similarly, although it was merely a `sin of omission,' appellant's affirmative failure in this case to reveal to the trial court the pending charge against her prior to being sentenced amounted to a fraud on the court." Id at 4.
 {¶ 25} At the November 2, 2006, Judicial Release hearing in the case sub judice, appellant stated to the trial court that he had completed a drug awareness program and had been going to Alcoholic's Anonymous and Narcotic's Anonymous. He further testified that it was time he stopped breaking the law. The trial court, in revoking appellant's community control, stated on the record, in relevant part, as follows: "The Court finds that the Defendant smoked marihuana while in a state penal institution within a few days of the oral hearing on his motion for judicial release. The Defendant represented to the Court at the time of the oral hearing on the motion for judicial release, when questioned about some of the issues on the institutional summary report, *Page 9 
that, in essence, what you were doing was, you were in there just minding your own business and getting your time done." Transcript of proceeding held on December 22, 2006 and December 27, 2006 at 19. Clearly, the trial court believed that appellant had misled it and committed a fraud upon the court. Appellant represented at the hearing on his Motion for Judicial Release that he was a law abiding citizen while in prison and, on such basis, the trial court granted his Motion for Judicial Release. However, appellant later admitted smoking marijuana while in prison just days before the hearing on such motion. We find, therefore, that the trial court did not err in revoking appellant's community control.
 {¶ 26} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 27} Appellant, in his second assignment of error, argues that he received ineffective assistance of trial counsel. We disagree.
 {¶ 28} Ohio adopted the standard contained in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, in the case ofState v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to Appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. See alsoLockhart v. Fretwell (1993), 506 U.S. 364, 113 S.Ct. 838.
 {¶ 29} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly *Page 10 
deferential. Bradley, 42 Ohio St.3d at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 30} In order to warrant a reversal, Appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995), 72 Ohio St.3d 545, 558,651 N.E.2d 965, citing Lockhart, supra.
 {¶ 31} Appellant specifically contends that his trial counsel was ineffective in stipulating that appellant had tested positive for THC, for failing to introduce evidence challenging the reliability of the positive test for THC, and for failing to determine who administered such test and to cross-examine such person as to the reliability of the test.
 {¶ 32} However, appellant admitted to the trial court that he had smoked marijuana in prison just days before the hearing on his Motion for Judicial Release. As noted by appellee, appellant essentially threw himself on the mercy of the court, hoping that his admission would positively influence the trial court. We cannot say that appellant's counsel was deficient or that the result of the hearing would have been different but for counsel's alleged errors. *Page 11 
 {¶ 33} Appellant's second assignment of error is, therefore, overruled.
 {¶ 34} Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed.
Edwards, J. Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1