[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Bruce Krymow appeals from his conviction in the Montgomery County Common Pleas Court of two counts of possession of cocaine.
On February 13, 1998, Krymow entered a guilty plea to one count of possessing cocaine, a felony of the fifth degree, in case numbered 97-CR-3037, and to one count of possessing cocaine, a felony of the third degree, in case numbered 98-CR-554 on May 14, 1998. Krymow was originally sentenced to concurrent one-year terms with a corresponding driver's license suspension. Imposition of these sentences was delayed for approximately one week at which time Krymow was supposed to report to the trial court to be conveyed into the custody of the sheriff. Appellant failed to report as ordered by the trial court. A capias was issued for appellant and, after being apprehended on July 2, 1998, he was transported to the Corrections Reception Center to begin serving his term of imprisonment on July 8, 1998., Appellant's cases were called for re-sentencing on July 9, 1998. Upon learning that he had been transported to prison, the trial court continued the matter for two weeks. Thereafter, on July 23, 1998, appellant's original sentence was amended and he was ordered to serve concurrent terms of one year in 97-CR-3037 and three years in 98-CR-554. Nunc Pro Tunc Termination Entries were filed in each case reflecting the new sentences on October 22, 1998. Appellant's delayed appeal of his amended sentences was granted by this Court on February 9, 2000.
In a single assignment of error, Krymow contends the trial court lacked authority to increase his sentence after he had already begun serving it in violation of the double jeopardy provisions of the Ohio and Federal Constitutions as well as being in violation of Ohio law.
The State has filed a brief in this matter and conceded the trial court lost authority to resentence Krymow after the sentence became final.
In Brook Park v. Necak (1986), 30 Ohio App.3d 118, the Cuyahoga County Court of Appeals held that a trial court has no statutory authority to increase a lawful sentence after the defendant has served part of that sentence. Judge Markus noted at page 120 of the court's opinion:
 In this case, the trial court modified a legally proper sentence without statutory authority after defendant paid the fine and apparently served part of the jail term. The defendant's right to expect finality precluded such action. See Columbus v. Messer, supra, at 268, 7 OBR at 348-349, 455 N.E.2d at 521-522. Misinformation from defendant's counsel did not make the original sentence unlawful. If the court could reconsider its sentence whenever it acquired new derogatory information, the defendant would have no assurance about the punishment's finality.
In State ex rel. Hansen v. Reed (1992), 63 Ohio St.3d 597, the Ohio Supreme Court affirmed the dismissal of a mandamus action against a municipal court judge because the trial court had no legal duty to journalize a judgment he had decided to reconsider. The court in a per curiam cited with approval the Brook Park opinion:
 However, as appellant also pointed out, a court has no authority to reconsider its own valid final judgments in criminal cases. Brook Park v. Necak
(1986), 30 Ohio App.3d 118, 30 OBR 218, 506 N.E.2d 936. The flaw in appellant's reasoning is his assumption that, in the instant case, the trial court dealt with a final judgment. In the first paragraph of the syllabus of State v. Tripodo (1977), 50 Ohio St.2d 124, 4 O.O.3d 280, 363 N.E.2d 719, we stated: "An announcement of a decision in a criminal case is not a final appealable order until the entry of judgment thereon is filed with the trial court. (App.R. 4[B].)"
 63 Ohio St.3d at 599.
Accordingly, the appellant's assignment of error is sustained. The trial court's "nunc pro tunc" July 23, 1998 sentence is hereby Reversed and ordered Vacated and the original sentence imposed by the trial court on the defendant on May 28, 1998 is hereby ordered Reinstated.
 _________________________ BROGAN, J.
WOLFF, J., and YOUNG, J., concur.