DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Erie County Court of Common Pleas wherein, appellant, Lindy J. Nolan, was convicted on three counts of gross sexual imposition. Because we find no error in appellant's sentence, we affirm.
 {¶ 2} The facts giving rise to this appeal are as follows. On March 17, 2003, appellant was indicted on five counts of rape, violations of R.C. 2907.02(A)(1)(b) and, three counts of gross sexual imposition, violations of R.C. 2907.05(A)(4). The indictment named three different victims, all of whom were under the age of thirteen at the time of the offenses. On December 9, 2003, appellant entered guilty pleas to three counts of gross sexual imposition. The remaining rape charges were dismissed.
 {¶ 3} The record in this case contains a transcript of a sentencing hearing held on December 22, 2003, wherein the court sentenced appellant to three years on each count and ordered that the time be served consecutively for a total of nine years in prison. He was ordered to report to the Erie County Jail on January 5, 2004, at 9:00 a.m. to begin his sentence. That sentence was never journalized.
 {¶ 4} On December 30, 2003, the court issued a judgment entry ordering appellant to appear for a hearing at the Erie County Court of Common Pleas on January 5, 2004, at 9:00 a.m. rather than to the jail as he was previously ordered. At the hearing, both parties agreed that on December 22, the court had relied on the wrong penalty provision in sentencing appellant for two of the three counts of gross sexual imposition. Specifically, the judge applied the law pursuant to 1995 Senate Bill 2 to all three counts. This was an error as the acts in Counts 1 and 5 of the indictment were alleged to have occurred before July 1, 1996, the effective date of 1995 Senate Bill 2. Crimes committed prior to July 1, 1996, are subject to the applicable law relating to imprisonment in effect prior to that date. See State ex rel Lemmon v. Ohio Adult ParoleAuthority (1997), 78 Ohio St.3d 186.
 {¶ 5} The court sentenced appellant to one and one-half years for Count 1, one and one-half years for Count 5 and four years for Count 3. The sentences were ordered to be served consecutively for a total of seven years in prison. Appellant now appeals setting forth the following assignment of error:
 {¶ 6} "The trial court erred when it sentenced appellant and applied an `outcome determinative' standard."
 {¶ 7} Appellant contends that because the original sentence for Count 3 was not contrary to law, the court should not have enhanced it by one year when correcting the other sentences.
 {¶ 8} Oral pronouncements by a trial court judge are subject to revision before journalization. A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum. State ex. rel. Marshall v. Glavis, 98 Ohio St.3d 297,2003-Ohio-857. Courts may increase sentences when the sentence does not constitute a final order. Brook Park v. Necak (1986),30 Ohio App. 3d 118.
 {¶ 9} In this case, the trial court amended appellant's sentence before it was journalized. Therefore, the trial court did not enhance appellant's sentence after he was originally sentenced.
 {¶ 10} On review, an appellate court cannot reverse a felony sentence unless we find, by clear and convincing evidence, that the record does not support the sentencing court's findings or the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(a) and (b).
 {¶ 11} R.C. 2929.11(A) requires the sentencing judge to follow several principles. First, the court must be guided by the overriding purposes of felony sentencing, which are "to protect the public from future crime by the offender and others" and "to punish the offender." Id. In order to achieve these purposes a court is required to consider (1) the necessity for "incapacitating the offender;" (2) the deterrence factor; (3) rehabilitation of the offender; and (4) "making restitution to the victim of the offense, the public, or both." Id.
 {¶ 12} Additionally, the sentence must be "reasonably calculated" to achieve the purposes of the sentencing statute by being "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim." R.C. 2929.11(B). The sentence must also be consistent with similar crimes committed by similar offenders. Id.
 {¶ 13} Absent the requirement of a mandatory sentence for a felony, a trial court has the discretion, in addressing the seriousness and recidivism factors set forth in R.C. 2929.12(B), (C), (D), and (E), to ascertain the most effective manner in which to comply with the purposes and principles of felony sentencing. R.C. 2929.12(A). Finally, in reviewing a sentence imposed by a trial court, an appellate court examines the presentence investigative report, the trial court record, and any statements made at the sentencing hearing. R.C. 2953.08(F)(1)-(3).
 {¶ 14} Count three of the indictment in this case charged appellant with gross sexual imposition in violation of R.C. 2907.05(A)(4) and a felony of the third degree. Pursuant to R.C. 2929.14(A)(3), the prison term range for a third-degree felony is one, two, three, four, or five years. The sentencing guidelines in R.C. 2929.13(C), however, do not provide a presumption in favor of either a prison sentence or a community control sentence for third-degree felonies. The trial court maintains discretion with the provision that the appropriate findings are made.
 {¶ 15} In sentencing appellant to four years in prison for Count 3, the trial judge stated that consecutive sentences were necessary to punish appellant and that the sentences were not disproportionate to the seriousness of appellant's conduct and the danger he posed to the public. As to the seriousness factors set forth in R.C. 2929.12(B), the judge noted that appellant was the father of the three victims and that relationship facilitated the offenses.
 {¶ 16} After a thorough review of the record, the transcripts and the presentence investigation report in this case, we conclude that the trial court's findings are supported by clear and convincing evidence and that appellant's sentence for Count 3 is not contrary to law. Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 17} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed and appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J. Concur.