DECISION AND JUDGMENT ENTRY
{¶ 1} On March 13, 2006, appellant, Cathlene L. Perkins, entered a plea of no contest, pursuant to a plea agreement, to an amended charge of physical control of a vehicle while under the influence, a violation of R.C. 4511.194 and a misdemeanor of the first degree. The trial court accepted appellant's plea and entered a conviction on the charge. *Page 2 
 {¶ 2} On May 5, 2006, the matter proceeded to sentencing. The trial court imposed 180 days incarceration, with 155 days suspended, $350 in court costs, and a license suspension for one year with limited occupational privileges. With respect to the license suspension, the trial court, both orally and in its original judgment entry, gave appellant credit for pretrial license suspension from June 29, 2005.
 {¶ 3} Appellant alleges that after she began serving her sentence, she was served with another copy of the judgment entry, which was modified by canceling the credit given for pretrial license suspension. The record shows that the credit was crossed out by hand, and the sentencing judge initialed and dated the change May 8, 2006 — three days after appellant's sentencing hearing. Appellant asserts that she was not notified prior to the change, and that she was served with the modified judgment after she had begun serving her sentence of incarceration.
 {¶ 4} Appellant filed a timely appeal and a motion for a stay of execution of her sentence with the trial court. The trial court denied the motion, and, upon her filing a motion for a stay in this court, we granted a stay pending appeal.
 {¶ 5} Appellant raises one assignment of error for review:
 {¶ 6} "The trial court lacked authority to resentence Appellant imposing a more severe and restrictive sentence after imposition of the original sentence, and is contrary to law [sic]."
 {¶ 7} Appellant frames the trial court's change in the start date of her license suspension as an improper resentencing without notice, citing State v. Greulich (1988), *Page 3 61 Ohio App.3d 22; City of Brook Park v. Necak (1986),30 Ohio App.3d 118; and In re Zilba (1996), 110 Ohio App.3d 258. The state argues that it was a simple technical correction of an oversight that did not require a formal resentencing hearing, because appellant never was, in fact, subject to pretrial license suspension, citing Crim.R. 36(A). However, appellant argues that by canceling the credit, the trial court effectively increased the term of her license suspension to one full year.
 {¶ 8} In City of Brook Park v. Necak (1986), 30 Ohio App.3d 118, the defendant was convicted of driving under the influence of alcohol and was sentenced to 30 days incarceration, 27 days suspended, a $225 fine, and costs. Six weeks later, after reviewing the presentence investigation report, the trial court discovered that the defendant had a previous alcohol-related conviction, and based on that information, resentenced the defendant to 60 days incarceration, 50 days suspended. On appeal, the original judgment was reinstated because the court lacked authority to "increase a lawful sentence after the defendant had served part of that sentence" and because the "defendant's right to expect finality precluded such action." Id. at 120.
 {¶ 9} In Gruelich, the court reinstated the trial court's original judgment when the trial court used a nunc pro tunc order to enlarge the conditions of the defendant's probation, including additional restitution and the execution of promissory notes. The court found such use of a nunc pro tunc order improper, stating, "A nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide. Its proper use is limited to what *Page 4 
the trial court actually did decide." State v. Gruelich,61 Ohio App.3d at 25, citing Webb v. Western Reserve Bond Share Co. (1926),115 Ohio St. 247.
 {¶ 10} In In re Zilba, on a petition for a writ of habeas corpus, the defendant was originally given a suspended sentence of incarceration and community control. After the trial court found new information regarding the nature of the community control program and the defendant's pre-conviction acts, it eliminated the community control and imposed the suspended term of incarceration. We followed City of Brook Park andGreulich to squarely hold that "once execution of sentence has begun, the trial court may not amend the sentence to increase the punishment."In re Zilba, 110 Ohio App.3d at 261, citing State v. Greulich, supra. We found the second judgment to be void and reinstated the earlier judgment.
 {¶ 11} R.C. 4511.192(D)(1) relevantly provides:
 {¶ 12} "(D)(1) If a law enforcement officer asks a person under arrest as described in division (A) of this section to submit to a chemical test or tests under section 4511.191 of the Revised Code, if the officer advises the person in accordance with this section of the consequences of the person's refusal or submission, and if * * * the person refuses to submit to the test or tests * * * the arresting officer shall do all of the following:
 {¶ 13} "(a) On behalf of the registrar of motor vehicles, notify theperson that, independent of any penalties or sanctions imposed upon theperson, the person's Ohio driver's or commercial driver's license orpermit or nonresident operating privilege is suspended immediately, that the suspension will last at least until the person's initial *Page 5 
appearance on the charge, which will be held within five days after the date of the person's arrest or the issuance of a citation to the person, and that the person may appeal the suspension at the initial appearance or during the period of time ending thirty days after that initial appearance;
 {¶ 14} "(b) Seize the driver's or commercial driver's license or permit of the person and immediately forward it to the registrar. * * *;
 {¶ 15} "(c) Verify the person's current residence and, if it differs from that on the person's driver's or commercial driver's license or permit, notify the registrar of the change;
 {¶ 16} "(d) Send to the registrar, within forty-eight hours after the arrest of the person, a sworn report that includes all of the following statements:
 {¶ 17} "(i) That the officer had reasonable grounds to believe that, at the time of the arrest, the arrested person was operating a vehicle, streetcar, or trackless trolley in violation of division (A) or (B) of section 4511.19 of the Revised Code or a municipal OVI ordinance or for being in physical control of a stationary vehicle, streetcar, or trackless trolley in violation of section 4511.194 of the Revised Code or a substantially equivalent municipal ordinance;
 {¶ 18} "(ii) That the person was arrested and charged with a violation of division (A) or (B) of section 4511.19 of the Revised Code, section4511.194 of the Revised Code or a substantially equivalent municipal ordinance, or a municipal OVI ordinance; *Page 6 
 {¶ 19} "(iii) That the officer asked the person to take the designated chemical test or tests, advised the person in accordance with this section of the consequences of submitting to, or refusing to take, the test or tests, and gave the person the form described in division (B) of this section;
 {¶ 20} "(iv) That either the person refused to submit to the chemical test or tests * * *." (Emphasis added.)
 {¶ 21} According to the statute, specifically R.C. 4511.192(D)(1)(a), the arresting officer is empowered to, and in fact does, impose a pretrial license suspension immediately at the scene of the arrest. The registrar is then obligated to enter the fact into the records upon receipt of the officer's report.
 {¶ 22} The state attempts to distinguish each case appellant cites by pointing to the actual increase imposed in each improper resentencing, and noting that, by contrast, the trial court here only eliminated a credit which never existed. In support of its contention that appellant was not subject to administrative suspension, the state points to the form completed by appellant's arresting officer, BMV Form 2255, labeled "Report of Law Enforcement Officer: Administrative License Suspension/Notice of Possible CDL Disqualification/Immobilization/Forfeiture." The top of the form contains boxes filled with appellant's personal identification information, the date and time of the violation, and the date and time which appellant refused to submit to alcohol blood-level tests. The state points to "Box B," titled "Officer to Complete for all OVI/Physical Control Arrests," and which contains an unchecked box stating, "Was placed under administrative license *Page 7 
suspension (4511.191)." However, Box B also includes an unchecked box next to which states, "Refused to submit to test(s)." Clearly, appellant refused to submit to tests since the form includes the detailed information, yet the box is not checked. A June 29, 2005 entry in the record notes, "Form 2255 not filled out."
 {¶ 23} In order to conclude that appellant's original sentence was not "properly imposed," we would have to assume that the state is correct in its assertion that appellant was never subject to administrative license suspension. Appellant argues that, as in City of Brook Park, the trial court imposed sentence with an uncorrected misconception, which, following City of Brook Park, would be uncorrectable once appellant's sentence was executed.
 {¶ 24} The fact that the registrar does not note an arresting officer's suspension of a license in his records (by virtue of Form 2255 not being "complete") does not affect the actual existence of the suspension pursuant to R.C. 4511.192(D)(1)(a). This sectionrequires the arresting officer to immediately suspend the operator's license on the registrar's behalf, and to notify the operator of the immediacy of the suspension.
 {¶ 25} While oral pronouncements by a sentencing judge are subject to revision before journalization, State ex rel. Marshall v. Glavas,98 Ohio St.3d 297, 2003-Ohio-857, ¶ 5, a journal entry constituting a final, appealable order is not. The only exceptions to this general rule are actions taken to correct a legally void sentence or to correct a mistake which falls within the purview of Crim.R. 36(A). State ex rel.Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19. *Page 8 
 {¶ 26} Appellant's sentence was neither void nor the type of "clerical mistake" covered by Crim.R. 36(A). The proper use of Crim.R. 36(A) is limited to correcting "errors in the record arising from oversight or omission" through a nunc pro tunc order. State v. Brown (2000),136 Ohio App.3d 816. A nunc pro tunc order's purpose is to "record officially an action or actions of a court actually taken but not duly recorded." Id. at 819, citing Helle v. Pub. Util. Comm. (1928), 118 Ohio St. 434;Webb v. Western Reserve Bond Share Co. (1926), 115 Ohio St. 247;Reinbolt v. Reinbolt (1925), 112 Ohio St. 526. It is "limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." Id. at 820, citing State ex rel. Fogle v. Steiner (1995), 74 Ohio St.3d 158,163-164; State v. Hawk (1992), 81 Ohio App.3d 296, 300.
 {¶ 27} Here, the trial court actually decided to give appellant credit for an administrative license suspension. The action actually taken is as supported by the record as the action which the state asserts the court should have taken. Although the registrar may have been unable (or unwilling) to record the license suspension, this does not affect the existence of the suspension pursuant to R.C. 4511.192; the arresting officer was required to suspend appellant's license immediately upon her refusal to submit to tests. As in City of Brook Park, while the court may have imposed sentence with an uncorrected misperception or misconception, it is not the type of "clerical mistake" correctable through Crim.R. 36(A). Accordingly, appellant's assignment of error is well-taken. *Page 9 
 {¶ 28} The May 8, 2006 sentence is vacated and we reinstate the original sentence of May 5, 2006. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J. William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1