JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Anthony DiFrancesco appeals from a municipal court order convicting him of failure to comply with a notice of building code violations and sentencing him to a one thousand dollar fine and six months in jail, suspended on condition that he pay a $500 fine and court costs immediately and pay restitution to the homeowners, Mr. Mrs. Hard. Appellant urges that the double jeopardy clause precluded the court from finding him guilty after *Page 3 
another judge of the same court found him not guilty. He further claims the court erred by entering a nunc pro tunc judgment to find him guilty. We agree that the trial court erred by finding appellant guilty after it entered a not guilty finding. Accordingly, we vacate the judgment of conviction and the order vacating the not guilty finding, reinstate the not guilty finding, and remand with instructions to enter a judgment of acquittal and order appellant discharged.
 Procedural History {¶ 2} The procedural history of this case is contorted at best. On July 28, 2005, a complaint was filed in the Cleveland Heights Municipal Court charging that appellant violated section 1311.99 of the Codified Ordinances of the City of Cleveland Heights by failing to comply with a notice of building code violations. Appellant was summoned to appear on August 29, 2005, and executed a speedy trial waiver on that date. The court denied his request for a continuance of the next pretrial. When appellant failed to appear for the pretrial, a warrant was issued for his arrest. The warrant was cancelled after appellant appeared and posted a bond on November 3, 2005.
 {¶ 3} Trial was set for April 27, 2006. Before trial, the city moved the court to dismiss this case on the ground that this was a "[c] ontractor-homeowner dispute and both parties are currently represented by counsel to protect their respective interests] ." The non-party homeowners objected to this motion. The record contains no ruling on the city's motion, although there is a handwritten *Page 4 
notation on the motion itself indicating that it was "withdrawn."
 {¶ 4} On April 27, 2006, an entry was filed scheduling a sentencing hearing for July 10, 2006 at 3:00 p.m. Although no judgment entry was filed at that time finding appellant guilty of the charge, a docket notation was added after this appeal was filed which stated that appellant had changed his plea to no contest and had been found guilty. Furthermore, the record includes a transcript of the hearing on April 27, 2006. This transcript reflects that appellant entered a no contest plea and consented to a finding of guilt.
 {¶ 5} The clerk issued a notice rescheduling the "special hearing" (apparently referring to the sentencing hearing) to July 31, 2006, then to August 7, 2006. On August 7, 2006, the court entered a written order finding appellant "NG," presumably meaning "not guilty." The order was journalized the same day.
 {¶ 6} On September 7, 2006, the court filed a journal entry which "reviewed and reconsider[ed] "the August 7 ruling. The court found that the acting judge who made that decision had abused his discretion by changing the previous guilty finding to not guilty. The court therefore vacated the August 7 judgment entry and "reenter[ed] the original April 7, 2006 Guilty finding entered by the Sitting Judge of this Court Nunc Pro Tunc." It rescheduled the matter for sentencing on September 25, 2006.
 {¶ 7} On September 25, 2006, the court entered judgment finding *Page 5 
appellant guilty and sentencing him to a fine of one thousand dollars, six months in jail, and court costs, apparently suspending those penalties on condition that appellant pay a fine of five hundred dollars and the court costs "today," and "pay restitution to the homeowners Mr. Mrs. Hard the extent that an order to that effect is made by [the Cuyahoga County] Court of Common Pleas as a result of a settlement agreement entered therein. Insurance payment will suffice to cover any such obligation." Appellant filed his notice of appeal from this order on October 4, 2006.
 {¶ 8} While this appeal was pending, on November 24, 2006, the City of Cleveland Heights moved the municipal court to "correct and modify the record." Within minutes after this motion was filed, the court granted it, finding "that as a result of a clerical error the Court's record herein as transmitted to the Court of Appeals is incomplete. The court's record is, therefore, corrected and modified to reflect the entries and occurrences set forth in the Statement of Facts included in Plaintiffs Request to Correct the Record." This court remanded this matter to the trial court to allow it to correct the record. An amended, certified docket was subsequently filed with this court. This amended docket reflects that, on April 27, 2006, "[appellant's] plea of not guilty [was] changed to no contest, [the court] found [appellant] guilty[, and the] case [was] set for sentencing."
 Law and Analysis {¶ 9} While the municipal court had orally accepted appellant's no contest *Page 6 
plea and orally found him guilty before the August 7, 2006 hearing, the court never journalized those orders. It is axiomatic that a court of record speaks only through its journal, not by oral pronouncement.State ex rel. Fogle v. Steiner (1995), 74 Ohio St.3d 158; Schenley v.Kauth (1953), 160 Ohio St. 109. Accordingly, the court was not required to follow the procedure for withdrawal of a plea of guilty or no contest under Crim.R. 32.1 before it could enter a finding of not guilty.
 {¶ 10} Once the municipal court journalized the entry finding appellant not guilty, the court was obligated to enter a judgment of acquittal and discharge him. Crim.R. 32(C). A defendant has a constitutional right to rely upon the finality of an acquittal, protected by the double jeopardy clause. Benton v. Maryland (1969), 395 U.S. 784, 795-96. The double jeopardy clause precluded the municipal court from taking any other action in this case except to enter final judgment on the not guilty finding. Brookpark v. Necak (1986),30 Ohio App.3d 118. The court's attempt to vacate the not guilty finding and reinstate the previous oral finding of guilt based on appellant's oral plea of no contest was erroneous. We therefore vacate that order and the sentencing order which followed it. The effect of this holding is to reinstate the August 7, 2006 order finding appellant not guilty. We remand with instructions for the municipal court to enter a judgment of acquittal and order appellant discharged.
 It is ordered that appellant recover from appellee costs herein taxed. *Page 7 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and MARY J. BOYLE, J., CONCUR *Page 1