[Cite as *State v. Porter*, 2012-Ohio-4587.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No.   97432

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# CHARLES E. PORTER

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-552635

**BEFORE:**   E. Gallagher, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   October 4, 2012

**ATTORNEY FOR APPELLANT**

Charles E. Porter
Inmate No. 620-184
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio   43950

John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Brian M. McDonough
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Charles Porter appeals from his conviction rendered in the Cuyahoga County Court of Common Pleas. Porter argues that the trial court erred in imposing consecutive sentences when it failed to make findings required by R.C. 2929.14(C)(4). For the following reasons, we affirm Porter's conviction.

{¶2} On September 6, 2011, Porter pleaded guilty to one count of rape, seven counts of pandering sexual materials, two counts of illegal use of minors in sexual materials, and one count of possessing criminal tools. On October 6, 2011, the trial court sentenced Porter to nine years for the charge of rape, eight years for each count of pandering sexual materials to be run concurrent to one another, eight years for each illegal use of minors in sexual materials charge, to run concurrent to one another and 12 months for the charge of possession of criminal tools. The court ordered all prison terms, except for the 12-month sentence for possession of criminal tools, to run consecutively, for a total prison sentence of 25 years.

{¶3} The following day, the trial court conducted a supplemental sentencing hearing. The court acknowledged that it did not make the appropriate findings for sentencing Porter to consecutive prison terms and reconvened to correct the error. At this hearing, the trial court incorporated the record from the October 6 hearing, made findings on the record as to why it found consecutive sentences to be appropriate and

then sentenced Porter to the identical prison term of 25 years.

{¶4} Porter appeals, raising the following assignment of error:

The trial court erred by imposing consecutive sentences when it failed to make findings required by R.C. 2929.14(C)(4).

{¶5} Specifically, Porter claims that the trial court made insufficient findings to impose consecutive sentences during the sentencing hearing conducted on October 6, 2011, that the court lacked jurisdiction to hold another sentencing hearing for Porter on October 7, 2011, and that the findings the court made on October 7, 2011 were also insufficient to support consecutive sentences. For the following reasons, we disagree.

{¶6} Generally, it is true that a court has no authority to reconsider its own valid final judgments. *Brook Park v. Necak,* 30 Ohio App.3d 118, 120, 506 N.E.2d 936 (8th Dist.1986). However, the Supreme Court of Ohio has stated that a judgment is not final until certain requirements are met. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.

These requirements are the fact of the conviction, the sentence, the judge's signature, and the entry on the journal by the clerk. All of these requirements relate to the essence of the act of entering a judgment of conviction and are a matter of substance, and their inclusion in the judgment entry of conviction is therefore required.

*State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. Thus, a judgment is not final until it is entered on the court's journal.

{¶7} In the present case, the court did not make an entry on the journal until October 12, 2011. This entry of Porter's sentencing hearing was made as a combined

entry of the events of both October 6 and 7. Therefore, the judgment was not actually final until October 12, 2011. Thus, the court retained jurisdiction over Porter to make findings necessary for consecutive sentencing on October 7, 2011. Porter's assertion that the court lacked jurisdiction to conduct the hearing on that date is not well taken.

{¶8} Porter next argues that the findings made on both October 6 and 7, 2011, were insufficient to support consecutive sentences. Because we have concluded that the hearing conducted on October 7, 2011, was appropriate, we will only consider whether the findings made on that date were sufficient to support consecutive sentencing and need not consider the court's admitted lack of findings made on October 6, 2011.

{¶9} The enactment of House Bill 86, effective September 30, 2011, imposed a new standard on courts to make certain findings when it imposes consecutive sentences. A court imposing consecutive sentences must state specific findings that adhere to the guidelines of R.C. 2921.14(C)(4) that states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} In the instant case, the court made the requisite findings in order to support Porter's consecutive prison sentences. In particular, the trial court stated as follows:

> [M]y job is not only to punish you but it's to make sure that the community is protected from you. * * * So in considering all the relevant seriousness and recidivism factors, and ensuring that the public is protected from future crime, and that you are punished. * * * So I find that a consecutive sentence is appropriate to ensure that Mr. Porter is appropriately punished and the public is protected. Tr. 50-60.

> I also find that the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct. Tr. 59.
> Mr. Porter does have a criminal record, so that's also taken into consideration in imposing a consecutive sentence. Tr. 60.

{¶11} Thus, it is evident that the trial court's analysis encompassed all of the findings required by R.C. 2929.14(C)(4). A review of the sentencing transcript reveals the disturbing nature of the crimes to which Porter pleaded guilty. It is clear that the trial court felt that Porter's conduct warranted consecutive sentencing under the guidelines contained in the statute. As the trial court complied with the statutory guidelines in so doing, we find no error with the imposed sentence.

**{¶12}** Porter's sole assignment of error is overruled.

**{¶13}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR