[Cite as *State v. Holbrook*, 2016-Ohio-5302.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 16 CA 0029 |
| BRYAN HOLBROOK | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Municipal Court, Case No. 16 TRC 2369


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      August 9, 2016


APPEARANCES:

For Plaintiff-Appellee

DOUGLAS SASSEN
LAW DIRECTOR
TRICIA M. MOORE
ASSISTANT LAW DIRECTOR
40 West Main Street
Newark, Ohio 43055

For Defendant-Appellant

SAMUEL H. SHAMANSKY
DONALD L. REGENSBURGER
COLLIN E. PETERS
525 South Third Street
Columbus, Ohio 43215

*Wise, J.*

**{¶1}** Defendant-Appellant Bryan Holbrook appeals the decision of the Licking County Municipal Court denying his ALS appeal and motion to terminate the ALS.

**{¶2}** Appellee is the State of Ohio.

**{¶3}** Initially, we note, this case has been assigned to the Court's accelerated calendar docket according to Ohio Appellate Rule 11 and this Court's Local Rule 6(B); therefore, pursuant to Ohio App. Rule 11 governing accelerated calendar cases, "It shall be sufficient compliance with Appellate Rule 12(A) for the statement of the reason for the court's decision as to each error to be in brief conclusionary form."

STATEMENT OF THE CASE AND FACTS

**{¶4}** The following undisputed facts are drawn from the testimony of Trooper J.D. Myers of the Ohio State Highway Patrol during Appellant's Administrative License Suspension (ALS) hearing.

**{¶5}** On March 20, 2016, Trooper Myers used a radar device to determine that a vehicle driven by Appellant was exceeding the speed limit by eleven miles per hour. (Tr. 14). He also observed the vehicle drift within its lane and cross the center line. *Id.* Trooper Myers initiated a traffic stop and approached the vehicle, at which time he detected a strong odor of alcohol and noticed that Appellant had glassy, bloodshot eyes. (Tr. 15-16). Appellant provided his identification and admitted to consuming three beers that night. (Tr. 16).

**{¶6}** At Trooper Myers' request, Appellant exited his vehicle and submitted to the horizontal gaze nystagmus test. *Id.* Trooper Myers detected six clues, and Appellant refused to perform the walk and turn test. (Tr. 16-17). Appellant attempted an alphabet

test, which he did not complete, and a counting test, which he finished but counted backward to the wrong number. (Tr. 17). Trooper Myers placed Appellant under arrest and read him the advice contained on the BMV 2255. (Tr. 18).

{¶7} Appellant refused to submit to a chemical breath test, and Trooper Myers advised that his driver's license was being placed under suspension. (Tr. 20).

{¶8} As a result of the above, Appellant Bryan Holbrook was charged by Complaint with one count of OVI in violation of R.C. §4511.19(A)(1)(a), a misdemeanor of the first degree, and one count of Speed in violation of R.C. 4511.21, a minor misdemeanor. As a result of his refusal to submit to a chemical breath test, Appellant was also placed under an Administrative License Suspension ("ALS"). A copy of the Bureau of Motor Vehicles ("BMV") form 2255 was filed with the Court on March 21, 2016.

{¶9} On March 22, 2016, Appellant entered a plea of not guilty, demanded a jury trial, and appealed the ALS. Appellant also filed a Bench Memorandum setting forth grounds for termination of the ALS.

{¶10} On April 8, 2016, an evidentiary hearing was held on the ALS suspension. At said hearing, Trooper Myers testified that he filled out the entire 2255 before providing the bottom carbon copy to Appellant. (Tr. 6-7). A photocopy of this document, which was admitted as Defendant's Exhibit A, was blank in the sections reserved for reasonable grounds for arrest and the arresting officer's signature. (Tr. 7-8).

{¶11} The original copy of the 2255 was placed by Trooper Myers in his secretary's mailbox to be mailed to the BMV. (Tr. 9). Trooper Myers testified that he did not know whether the form was actually sent, or if it was, when that task was accomplished. *Id.* Though he admitted that it is his duty to ensure that the 2255 is

submitted properly to the BMV, Trooper Myers testified that to personally perform the task is against the Highway Patrol's procedure. (Tr. 21).

{¶12} Another carbon copy of the 2255 was filed with the trial court. (Tr. 10-11). That copy contained written statements in the reasonable grounds section and Trooper Myers' signature in the arresting officer section. *Id.* When asked to explain the discrepancy between forms, Trooper Myers denied making any additions after providing a copy to Appellant. (Tr. 11). Trooper Myers maintained that the writing "frequently" does not transfer to each of the carbon sheets. (Tr. 22). Moreover, he did not check on this occasion to ensure that all of the information was transferred to each copy. *Id.*

{¶13} At the conclusion of Trooper Myers' testimony, both parties were permitted to make oral arguments and the matter was submitted for the trial court's consideration. The trial court took judicial notice of the fact that Defendant's Exhibit B is an identical photocopy of the 2255 in the court file. (Tr. 27). The trial court denied Appellant's ALS appeal and motion to terminate the ALS. The trial court found that Trooper Myers had reasonable grounds to believe that Appellant was impaired while operating a motor vehicle. *Id.* The trial court also held that the ALS was immediately valid upon Appellant's refusal to take a breath test. *Id.* Finally, it held that the ALS was not invalidated by any failure of Trooper Myers to comply with R.C. §4511.192. *Id.*

{¶14} Appellant timely filed the instant appeal, and the OVI and Speed charges remain pending in the trial court.

{¶15} Appellant now raises the following error for review:

ASSIGNMENT OF ERROR

{¶16} "I. THE TRIAL COURT ERRED BY FAILING TO TERMINATE THE ADMINISTRATIVE LICENSE SUSPENSION WHERE THE ARRESTING OFFICER DID NOT TO [SIC] COMPLY WITH THE REQUIREMENTS OF R.C. 4511.192."

I.

{¶17} In his sole Assignment of Error, Appellant argues that the trial court erred in not finding that his ALS suspension should be terminated because the arresting officer failed to comply with requirements of R.C. §4511.192. We disagree.

{¶18} More specifically, Appellant argues that Trooper Myers failed to send the BMV 2255 form to the BMV in a timely manner.

{¶19} Revised Code §4511.197(A) provides a right to appeal an ALS to the trial court. R.C. §4511.197(C) sets forth the scope of such an appeal:

If a person appeals a suspension * * * the scope of the appeal is limited to determining whether one or more of the following conditions have not been met:

(1) Whether the arresting law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle,* * * and whether the arrested person was in fact placed under arrest;

(2) Whether the law enforcement officer requested the arrested person to submit to the chemical test or tests designated pursuant to division (A) of section 4511.191 of the Revised Code;

(3) If the person was under arrest as described in division (A)(5) of section 4511.191 of the Revised Code, whether the arresting officer advised

the person at the time of the arrest that if the person refused to take a chemical test, the officer could employ whatever reasonable means were necessary to ensure that the person submitted to a chemical test of the person's whole blood or blood serum or plasma; or if the person was under arrest other than as described in division (A)(5) of section 4511.191 of the Revised Code, whether the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test or tests;

(4) Whichever of the following is applicable:

(a) If the suspension was imposed under division (B) of section 4511.191 and section 4511.192 of the Revised Code, whether the arrested person refused to submit to the chemical test or tests requested by the officer;

* * *.

**{¶20}** The standard employed by the trial court is "whether the arresting law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle * * * in violation of division (A) or (B) of section 4511.19" - i.e. was intoxicated. R.C. §4511.197(C)(1). It is the appellant in an ALS appeal that has the burden of proving by a preponderance of the evidence that the arresting officer failed to give the necessary advisement or lacked reasonable grounds. R.C. §4511.197(D). *State v. Carnes*, 1st Dist. Hamilton No. C–140188, 2015–Ohio–379, ¶8.

**{¶21}** Revised Code §4511.192(B) provides the advisement that an officer must give. The officer administering a breath test must orally advise the individual as well as provide a written copy of the advisement. R.C. §4511.192(A).

**{¶22}** In the instant case, during Trooper Myers' testimony he explained that he read appellant the BMV Form 2255, which he testified contained the advisement set forth in R.C. 4511.192(B). He testified that he appropriately advised appellant of the consequences of refusing to submit to a breath test and provided him with a written copy of the advisement. Trooper Myers testified that Appellant refused the test after the advisement was read and provided to Appellant.

**{¶23}** Appellant's argument does not relate to any of the four required conditions in order to allow the trial court to sustain his appeal. Appellant does not allege that the officer did not have reasonable grounds to arrest him. Additionally, Appellant acknowledges that the remaining conditions were met - that Trooper Myers asked him to take a breathalyzer test, read the form to him, and that Appellant still refused to take the test even though he fully understood the consequences. Furthermore, the record fully supports that all four of the necessary conditions for an ALS appeal were met. Therefore, Appellant has failed to meet his burden of proof that the record shows by a preponderance of the evidence that one of the conditions found in R.C. §4511.197(C) were not met.

**{¶24}** Appellant herein argues that the arresting officer, Trooper Myers, failed to comply with R.C. §4511.192 because Appellant's copy of the form appeared to be blank in the "probable cause to arrest" section and the signature sections for Appellant, the officer and the witness. While R.C. §4511.192 does contain requirements that the form contain such signatures and have the probable cause section completed, this requirement

does not fall within any one of the four required conditions to maintain an appeal under R.C. §4511.197(C). Again, as we concluded earlier, Appellant's argument does not relate to any of the four required conditions that would have allowed the trial court to sustain his appeal. While we could end the inquiry there, we note that the copy of the form filed with the court did contain the signatures and wording in the probable cause section. Trooper Myers explained to the court that because the form is a multiple part carbon form, information is not always completely transferred to the bottom copy, which was the copy given to Appellant. Further, Trooper Myers testified that such form was read, completed and signed as required.

{¶25} Appellant also argues that Trooper Myers failed to send the BMV 2255 form to the BMV in a timely manner. Again, such is not one of the four required conditions which would allow the trial court to sustain his appeal. As set forth in *State v. Perkins*, Sixth Dist. L06-1184, 2007-Ohio-2035, "[t]he fact that the registrar does not note an arresting officer's suspension of a license in his records … does not affect the actual existence of the suspension pursuant to R.C. 4511.192(D)(1)(a). This section *requires* the arresting officer to immediately suspend the operator's license on the registrar's behalf, and to notify the operator of the immediacy of the suspension." The Perkins court found that the BMV is merely the recorder and that even if the BMV does not receive the BMV 2255 report, the suspension itself is still valid.

{¶26} We find that pursuant to R.C. §4511.192, the officer was required to advise Appellant of the consequences of refusal, and that such was done in this case.

{¶27} Based on the foregoing, we do not find that the trial court erred in denying Appellant's appeal of his ALS suspension.

**{¶28}**  Appellant's sole Assignment of Error is overruled.

**{¶29}**  For the foregoing reasons, the judgment of the Municipal Court of Licking County, Ohio, is affirmed.


By: Wise, J.

Farmer, P. J., and

Hoffman, J., concur.


JWW/d 0729